UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YON RENEE WOODSON AWOONOR
RENNER,

                        Plaintiff,

                  -against-

NEW YORK STATE – PEOPLE OF NEW
YORK, ET AL.,

                        Defendants.

21-CV-5850 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* (IFP), brings this action

alleging that Defendants violated her rights. On December 2, 2021, Plaintiff filed an amended

complaint and a proposed order to show cause for a preliminary injunction and temporary

restraining order. The Court denies Plaintiff's request for an order to show cause.

## BACKGROUND

Plaintiff initiated this action on July 6, 2021, by filing a 1,112-page complaint that

asserted claims against 217 defendants regarding events occurring between 2012 and 2020 in

various New York towns in Orange, Ulster, Rockland, Albany, and Kings Counties. By order

dated August 2, 2021, the Court dismissed the complaint for failing to provide a short and plain

statement showing plaintiff is entitled to relief as required by Fed. R. Civ. P. 8, and for pursuing

unrelated claims against multiple defendants in violation of Fed. R. Civ. P. 20. (ECF 7.) The

Court's order held that, even if Plaintiff's complaint did comply with Rule 8 and Rule 20,

dismissal would still be required because it suffered from numerous additional deficiencies. (*See*

*id.* at 4-7.) In light of Plaintiff's *pro se* status, the Court granted her 30 days' leave to replead her

claims. The Court's order also strongly encouraged Plaintiff to limit the amended complaint to 20

pages and to bear in mind the requirements of Rule 8 and Rule 20. The Court subsequently granted Plaintiff two extensions of time to file an amended complaint. (ECF 11, 14.)

On December 2, 2021, Plaintiff filed an amended complaint, along with a proposed order to show cause for a preliminary injunction and temporary restraining order. The amended complaint is 350 pages long and names approximately 222 defendants. The amended complaint asserts, *inter alia*, that Defendants violated Plaintiff's rights under: (1) the First, Second, Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution; (2) various declarations of rights and international treaties including the Universal Declaration of Human Rights; (3) international law prohibiting war crimes, including laws prohibiting genocide; (4) the Geneva Convention's requirements regarding treatment of prisoners of war; (5) 121 separate provisions of the United States Criminal Code; and (6) federal statutes including 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, 1987, 1988, 1992, 1994, 1995, and 1996. Plaintiff also asserts a litany of state-law claims.

## PRELIMINARY INJUNCTIVE RELIEF

In the motion for preliminary injunctive relief, Plaintiff requests an ordering directing a subset of Defendants[1]

> to cease any and all Orders of Protection against the Plaintiff and to not initiate further Orders of Protection against the Plaintiff; until 28 February 2022, to not mandate personal appearance by the Plaintiff in their Court but to allow appearance of the Plaintiff in their Court by video appearance, as was done under

---

[1] Plaintiff's request for injunctive relief appears to be limited to the following defendants: Ernest Awoonor Renner; Lori Currier Woods, Esquire; Orange County New York; Orange County District Attorney's Office; David Marion Hoovler, Esquire; Lay Justice Peter William Green, Esquire; Lay Justice Joseph A. Owen, Esquire; Lay Justice Patrick Salem Owen, Esquire; Lay Justice James Michael Hendry III, Esquire; Lay Justice Matthew Dennis Witherow, Esquire; Lay Justice Steven William Brockett, Esquire; and Lay Justice Richard J. Guertin, Esquire. (*See* ECF 17, at 1.)

COVID-19 restrictions, and to not issue arrest warrants for the Plaintiff solely for her inability to appear in person at their Court.

(ECF 17, at 1-2.)

To obtain preliminary injunctive relief, Plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. Accordingly, Plaintiff's request for an order to show cause for preliminary injunction and temporary restraining order (ECF 17) is denied. The Court will, at a later date, issue an order addressing the claims raised in Plaintiff's amended complaint.

## CONCLUSION

Plaintiff's request for an order to show cause for preliminary injunction and temporary restraining order (ECF 17) is denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   December 6, 2021
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge