UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YON RENEE WOODSON AWOONOR RENNER,

                Plaintiff,

-against-

NEW YORK STATE – PEOPLE OF NEW YORK, ET AL.,

                Defendants.

21-CV-5850 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is proceeding *pro se* and *in forma pauperis* (IFP), filed this complaint alleging that Defendants violated her rights. By order dated August 2, 2021, the Court dismissed Plaintiff's complaint, but granted her 30 days' leave to replead her claims. The Court subsequently granted Plaintiff two extensions of time to file an amended complaint. Plaintiff filed an amended complaint on December 2, 2021, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise

the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff initiated this action on July 6, 2021, by filing a 1,112-page complaint that asserted claims against 217 defendants regarding events occurring between 2012 and 2020 in various New York locations in Orange, Ulster, Rockland, Albany, and Kings Counties. By order dated August 2, 2021, the Court dismissed the complaint for failing to provide a short and plain statement showing plaintiff is entitled to relief as required by Fed. R. Civ. P. 8, and for pursuing unrelated claims against multiple defendants in violation of Fed. R. Civ. P. 20. (ECF 7.) The Court's order held that, even if Plaintiff's complaint complied with Rules 8 and Rule 20, dismissal would still be required because it suffered from numerous additional deficiencies. (*See id.* at 4-7.) In light of Plaintiff's *pro se* status, the Court granted her 30 days' leave to replead her claims. The Court's order also strongly encouraged Plaintiff to limit the amended complaint to 20 pages and to bear in mind the requirements of Rule 8 and Rule 20. The Court subsequently granted Plaintiff two extensions of time to file an amended complaint. (ECF 11, 14.)

On December 2, 2021, Plaintiff filed an amended complaint.[1] The amended complaint is 350 pages long and names approximately 222 defendants. In so far as the Court can discern, Plaintiff's "Nature of the Action" suggests that Plaintiff brings this action for monetary damages, based on her allegations that she was subjected to: (1) "forced separation from her home and her two biological sons by seven consecutive Orders of Protection for over five years" in violation of New York State Family Court Act Section 8 § 842(d); (2) not being allowed "to be heard with

---

[1] Along with the amended complaint, Plaintiff also filed a proposed order to show cause for a preliminary injunction and temporary restraining order, which the Court denied on December 6, 2021. (ECF 20.)

counsel, to present evidence or to call witnesses and was denied Due Process" resulting in her "lack of opportunity to defend [her] constitutional rights"; (3) "unlawful[] imprison[ment] on or about two years and is still being threatened with prison without Due Process"; (4) "eight unlawful forced '730' competency evaluations during 2017 through 2019" by the Orange County District Attorney "in collusion" with the Orange County Health Department; (5) "about fifteen unlawful imprisonments totaling 451 days"; (6) sexual assault by "police personnel"; (7) an "intentional sexual rape . . . by a Defendant; (8) "approximately sixteen false arrests . . . with three police actions causing documented physical injury"; and (9) "actions by judicial officers clearly exceeding their jurisdiction" which have resulted in "intentional inflictions of emotional distress, verbal emotional and psychological cruelty, with cultural, financial, and legal abuse." (*Id.* at 24-26.)

The amended complaint asserts, among other things, that Defendants violated Plaintiff's rights under: (1) the First, Second, Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution; (2) various declarations of rights and international treaties including the Universal Declaration of Human Rights; (3) international law prohibiting war crimes, including laws prohibiting genocide; (4) the Geneva Convention's requirements regarding treatment of prisoners of war; (5) 121 separate provisions of the United States Criminal Code; and (6) federal statutes including 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, 1987, 1988, 1992, 1994, 1995, and 1996. Plaintiff also asserts a litany of state-law claims.

On December 17, 2021, Plaintiff filed a 240-page document which is captioned "Affidavit of Truth Hate Crime Complaint." (ECF 21.) On the same day, Plaintiff filed a letter captioned "Errors for Correction," in which she states, among other things, that "[t]he Hate Crime Document was to clarify all dates and actions by Defendants against the Plaintiff, Yon

3

Renée Woodson Awoonor Renner for the amended Federal Complaint for Remedy and Relief on Federal Complaint 1:21 CV 05850 LTS."[2] (ECF 22.)

## DISCUSSION

Plaintiff's amended complaint must be dismissed because it fails to remedy the deficiencies identified in the Court's August 2, 2021 order of dismissal. First, the amended complaint fails to comply with Federal Rule of Civil Procedure 8(a)(2)'s requirement that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (noting that under Rule 8(a)(2), the statement of claim "should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage'") (citation omitted); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (holding that the complaint did not comply with Rule 8 because "it contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension"). Although Plaintiff shortened the amended complaint to 350 pages from more than 1,110 pages, it remains nearly impenetrable and certainly does not contain "a short and plain statement" showing that she is entitled to relief required by Rule 8.

Second, the amended complaint does not comply with Rule 20 of the Federal Rules of Civil Procedures. Under Rule 20, a plaintiff may not pursue unrelated claims against multiple defendants. *See* Fed. R. Civ. P. 20(a)(2) ("Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or

---

[2] On December 27, 2021, Plaintiff filed another 240-page "Affidavit of Truth Hate Crime Complaint," which appears to be a duplicate of her December 17, 2021 submission. (ECF 23.)

occurrences; and (B) any question of law or fact common to all defendants will arise in the action.") (emphasis added)); *see, e.g.*, *Peterson v. Regina*, 935 F. Supp. 2d 628, 638 (S.D.N.Y. 2013) ("Case law makes clear that '[i]n the absence of a connection between Defendants' alleged misconduct, the mere allegation that Plaintiff was injured by all Defendants is not sufficient [by itself] to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a).'") (alterations in original) (*quoting Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009)). The amended complaint does not suggest that there are any questions of law or fact that are common to the hundreds of claims Plaintiff seeks to assert against more than 220 defendants.

Third, the amended complaint fails to remedy any of the other deficiencies identified by the Court in its August 2, 2021 order of dismissal. In that order, the Court explained that, even if the complaint complied with Rule 8 and Rule 20: (1) Plaintiff's claims against judges are barred by the doctrine of absolute judicial immunity; (2) her claims against prosecutors for acts committed within the scope of their official duties are barred by the doctrine of prosecutorial immunity; (3) the Eleventh Amendment bars Plaintiff's claims against the State of New York and its agents and instrumentalities; (4) Plaintiff may not being claims against municipal agencies and departments because city agencies or departments do not have the capacity to be sued under New York law; (5) Plaintiff cannot state a claim against a municipality unless she alleges that the municipality itself had a policy, custom, or practice that caused a violation of her rights; (6) a private individual, such as Plaintiff, may not assert claims seeking the arrest or prosecution of an individual under criminal law; and (7) Plaintiff may not seek relief under Section 1983 against private parties because they do not act under color of law.

5

Despite the Court's previous order, in the amended complaint, Plaintiff again names judges and prosecutors as defendants; asserts claims against New York State and its agencies and instrumentalities; sues dozens of municipal agencies or departments; sues municipalities without alleging facts suggesting that the municipalities themselves violated her rights; asserts claims seeking the arrest and prosecution of individuals under federal criminal law; and sues dozens of private actors.

The Court therefore dismisses the amended complaint for Plaintiff's failure to remedy the deficiencies identified in the Court's August 2, 2021 order of dismissal.

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses the amended complaint for Plaintiff's failure to remedy the deficiencies identified in the Court's August 2, 2021 order to dismiss.

The Clerk of Court is directed to terminate all pending motions.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   January 3, 2022
        New York, New York

                                                 /s/ Laura Taylor Swain
                                               LAURA TAYLOR SWAIN
                                          Chief United States District Judge